**SO ORDERED.**

**SIGNED this 23 day of April, 2013.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| GENE EXPRESS, INC., | CASE NO. 10–08432–8–JRL |
| DEBTOR. | CHAPTER 7 |
| | |
| JAMES B. ANGELL, CHAPTER 7 TRUSTEE, | |
| PLAINTIFF, | |
| v. | ADVERSARY PROCEEDING NO. 12–00284–8–JRL |
| ACCUGENOMICS, INC., EMAN 1, LLC, RONALD B. MCNEILL, NIKOLAOS V. LAZARIDIS, GERALD JOHN VARDZEL, JR., JOHN C. ANDERS, TEDS ENTERPRISES, INC., ALFRED C. POLLOCK, III, PAUL ANTONUCCI, JOSEPH LOROSSO, BRYAN PYLES, UNIVERSITY OF ROCHESTER, AND UNIVERSITY OF TOLEDO, | |
| DEFENDANTS. | |

1

**ORDER**

These matters came before the court on the University of Rochester's ("Rochester") and the University of Toledo's ("Toledo")(collectively, "universities") motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure. A hearing was held on March 14, 2013, in Raleigh, North Carolina at which time the court heard arguments on the motions to dismiss filed by the universities as well as those motions to dismiss filed by other defendants in the proceeding. At the conclusion of the hearing, the court took the matters under advisement. This order only addresses the motions to dismiss filed by the universities.

**BACKGROUND**[1]

On October 14, 2010, an involuntary petition under chapter 7 of the Bankruptcy Code was filed by Ronald B. McNeill, Nick Lazaridis, John Anders, and Jerry Vardzel ("petitioning creditors") and on November 12, 2010, the court entered an order for relief subjecting Gene Express, Inc. ("debtor") to the provisions of chapter 7 of the Bankruptcy Code. Upon motion by the petitioning creditors, the court appointed James B. Angell ("trustee") as the chapter 7 trustee. The trustee filed the complaint on November 11, 2012 which alleges, among other things, that the actions of the universities were violations of the automatic stay in effect pursuant to 11 U.S.C. § 362. Toledo filed its motion to dismiss pursuant to Rule 12(b)(6) on January 11, 2013. Rochester filed its motion to

---

[1] These facts are a fair recitation of the complaint, which is viewed in a light most favorable to the non-moving party, the trustee. GE Inv. Private Placement v. Parker, 247 F.3d 543, 548 (4th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, a court must accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the plaintiff." (citing Mylan Labs., Inc. V. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

2

dismiss pursuant to Rule 12(b)(6) on January 11, 2013.

The debtor was a "start up" company involved in genetic research. To fund its development of gene expression technology the debtor raised, from shareholders, over $11 million. These funds were used to develop genetic testing capabilities. Related to this research and development, the debtor had licenses for patent rights from Rochester, a member of the state university system of New York and from Toledo, a member of the state university of Ohio. The license agreement between Rochester and the debtor was entered into on August 20, 2002. Under the agreement, Rochester licensed certain patent rights to the debtor in exchange for royalty payments. The debtor obtained licenses to patent rights from the Medical University of Ohio at Toledo, the predecessor to Toledo, on October 11, 2005. In the exchange for the licenses, Toledo was to receive payments and stock in the debtor.

Toledo sent the debtor a notice of termination of the license rights on October 1, 2010. The effective termination date in the notice was October 31, 2010. The petitioning creditors filed the involuntary petition on October 14, 2010 ("petition date") and the order for relief, subjecting the debtor to the provisions of chapter 7 of the Bankruptcy Code, was entered on November 12, 2010.

The management of Eman 2, LLC, predecessor to defendant Accugenomics, Inc. ("Accugenomics") met with James Willey, a representative of Toledo, in an effort to negotiate a private acquisition of the Toledo patent licenses on October 19, 2010. As of November 10, 2010, Toledo took the position that the rights of the debtor to the patents licensed by Toledo were terminated effective October 31, 2010. However, on November 15, 2010, Toledo ceased all negotiations with Accugenomics regarding these licenses until it better understood its position.

On November 4, 2010, Rochester sent a letter to defendant Alfred C. Pollock, the chairman

of the board of directors of the debtor, purporting to terminate the debtor's licenses due to the bankruptcy. Negotiations between Lazaridis and Rochester for a provisional license of patents 5639609, 5876978, and 5643765 began on November 16, 2010.

On January 12, 2011, the 60-day period provided by 11 U.S.C. § 365 for the trustee to assume or reject an executory contract of the debtor expired without the trustee taking action to assume or reject the licenses with the universities. On June 14, 2012, Rochester filed a motion to determine property of the estate in which Rochester sought a determination of whether the estate has any interest in certain patent rights. The trustee filed notices of abandonment on July 9, 2012, wherein he gave notice of his intention to abandon the estate's rights in the patents from Rochester and Toledo. The abandonment of the property was based on the fact that rights were burdensome and of inconsequential value to the estate. In the notices the trustee stated he was not abandoning

> any rights [the debtor] may have against [the university], Accugenomics, or the Petitioning Creditors or any other person for violation of the automatic stay, their complicity in attempting to deprive the estate of the License Rights, or any other act which resulted in the License Rights become of inconsequential value to the estate, or other rights in this case.

The court entered orders granting the notices of abandonment on September 18, 2012.

The trustee, in his complaint, alleges that both Toledo and Rochester violated the automatic stay in effect pursuant to 11 U.S.C. § 362 through their actions in relying on the cancellation of the license rights of the debtor as a result of the debtor's bankruptcy and in negotiating with defendants Lazaridis, McNeill, Eman 2, LLC and Accugenomics to license such rights to the exclusion of the debtor. The trustee alleges that the plaintiff was damaged by the acts of the universities and other named defendants in an amount in excess of $10,000.00.

**DISCUSSION**

**A. Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008.  A party may move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).  To demonstrate entitlement to relief and survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (internal citations, quotation marks and brackets omitted).  The veracity of well–pleaded allegations in the complaint will be assumed in determining "whether they plausibly give rise to an entitlement to relief." Angell v. BER Care, Inc. (In re Caremerica, Inc.), 409 B.R. 737, 747 (Bankr. E.D.N.C. 2009) (citation omitted).

**B.    Violation of the Automatic Stay**

The filing of a petition operates as a stay, applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).  An individual injured by a willful violation of the stay is entitled to "recover actual damages, including costs and attorneys' fees, and, in appropriate

circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). "To prove a willful violation of the stay, it is not necessary to show that the creditor had the specific intent to violate the stay. It is sufficient to show that the party knew of the existence of the bankruptcy case and that the creditor's actions were intentional." In re Clayton, 235 B.R. 801, 807 (Bankr. M.D.N.C. 1998) (internal citations omitted). A technical violation, as opposed to a willful one, occurs when a creditor violates the stay without knowledge that an active bankruptcy case is pending. Id.

Toledo's notice of termination of license rights was sent on October 1, 2010, with an effective termination date of October 31, 2010. In the interim between the notice and the termination date, the automatic stay came into effect by the filing of the involuntary petition on October 14, 2010. On October 14, 2010, rights to the licenses still existed in the debtor and any subsequent act to obtain possession of property of the estate would be a violation of the stay.

The complaint alleged that Rochester sent a letter on November 4, 2010, purporting to terminate the license rights. This act was taken after the bankruptcy petition had been filed and the stay was in effect.

The facts pleaded in the complaint plausibly give rise to a violation of the automatic stay when Toledo terminated the rights to the patent licenses on October 31, 2010. Similarly, the facts plausibly give rise to a violation of the stay when Rochester sent the November 4 letter purporting to terminate the debtor's rights to the licenses due to the bankruptcy. The trustee alleges that the acts and omissions of each university damaged the plaintiff in the amount in excess of $10,000.00. While the court has difficulties seeing what actual damage was suffered from the stay violations, the fact pattern here is convoluted, that is not an issue to be determined on these motions to dismiss. At a minimum, nominal damages may be available. The trustee pleaded facts sufficient to survive

a motion to dismiss for failure to state a claim.

## CONCLUSION

Based on the facts as pleaded in his complaint, the trustee has plausibly stated claims for relief against Rochester and Toledo for violations of the automatic stay. Accordingly, the motions to dismiss for failure to state a claim upon which relief can be granted of Rochester and of Toledo are **DENIED**.

**END OF DOCUMENT**